WILLIAM KISSACK, Trustee, *et al.*

*v.*

WILLIAM BOURKE.

*Opinion filed December 22, 1906.*

1. SPECIFIC PERFORMANCE—*when bill is not defective in failing to allege performance of a condition precedent.* A bill for specific performance of a contract for the sale of land is not defective in failing to allege complainant's performance of a condition precedent, where facts are alleged showing a waiver of such condition for a period of thirty days to enable the defendant to furnish a proper abstract of title and an offer to perform such condition before the expiration of such period.

2. SAME—*provision of contract for deposit of purchase money may be waived.* A provision of a written contract requiring the deposit of the amount of the purchase money of land within a certain

time may be waived, and such waiver need not be in writing but may arise from the acts of the parties.

3. Same—*what does not defeat right to specific performance.* Where the parties to a contract 'for the sale of land requiring the vendee to deposit the purchase money in a certain bank within sixty days meet on the day before the expiration of such time and verbally agree to extend the time for completing the contract thirty days to enable the vendor to make good title, the fact that the vendee does not make such deposit does not defeat his right to specific performance, where the vendor, before the expiration of the thirty days, refuses to perform the contract and make a deed, though the vendee offers to pay him the money at once or to deposit it.

4. Same—*mutual agreements a sufficient consideration for extending time.* The mutual agreements of the parties to a contract for the sale of land are sufficient consideration for an extension of the time for completing the contract, and, in equity, the vendor will not be permitted to refuse performance upon the ground that he received no money consideration for the extension, particularly where his own act rendered the extension necessary.

5. Pleading—*when bill sufficiently avers ability of complainant to pay purchase money.* · A bill for specific performance of a contract for the sale of land sufficiently avers the ability of the complainant to pay the amount of the purchase money if it alleges that the complainant was "ready, eager and willing to comply with the terms of the contract."

Appeal from the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding.

J. A. Coleman, for appellants:

Covenants to convey and to pay are mutual and dependent. Where a party agrees to make a warranty deed, with other covenants, free from all encumbrances, before he can exact performance or forfeiture of the vendee the vendor must tender a deed having covenants for seizin, that he has full right to. convey, and against encumbrances, and must also offer to refund the money paid if the deferred payments are not made. *Murphy* v. *Lockwood,* 21 Ill. 610; *Mix* v. *Beach,* 46 id. 311; *Staley* v. *Murphy,* 47 id. 241; *Snyder* v. *Spaulding,* 57 id. 480; *Hale* v. *Cravener,* 128 id. 408; *Moses* v. *Loomis,* 156 id. 392.

A vendor cannot forfeit a contract for sale of land unless he is at the time ready and able to convey according to its terms. *Wallace* v. *McLaughlin,* 57 Ill. 53; *Peck* v. *Brighton Co.* 69 id. 200; *Lancaster* v. *Roberts,* 144 id. 213.

Tender is not necessary if the vendee is ready and offers to pay. The offer of appellants to deposit the money as contracted, or to pay the same direct to appellee, and his refusal to convey on so doing, excused appellants from making the needless deposit in the bank at Elgin, as contracted. *Watson* v. *White,* 152 Ill. 364.

A waiver or release of any condition of a contract under seal may be made by parol. There is another principle closely allied to this rule. It is that one cannot complain of a breach of a covenant when such breach has been induced by his own acts or conduct. *White* v. *Walker,* 31 Ill. 422; *Moses* v. *Loomis,* 156 id. 392; *Vroman* v. *Darrow,* 40 id. 171; *Ebert* v. *Arends,* 190 id. 221; *Fisher* v. *Smith,* 48 id. 184.

Even where time is made the essence of the contract it may be waived by conduct of the parties. *Peck* v. *Brighton Co.* 69 Ill. 200.

It is not necessary that an agreement to extend the time in such cases should be founded upon a consideration. *Thayer* v. *Meeker,* 86 Ill. 470.

J. F. CASEY, and MULLEN & HOY, for appellee:

An executory contract under seal cannot be changed, extended, varied, added to or modified by parol, neither can it be so changed, extended, varied or added to by a writing not under seal. *Kraft* v. *Strain,* 73 Ill. App. 371; *Strain* v. *Kraft,* 174 Ill. 120; *Railroad Co.* v. *Railroad Co.* 137 id. 9; *Gilbert* v. *Coons,* 37 Ill. App. 448.

A new consideration must be shown for a contract of extension. *Life Ins. Co.* v. *Smith,* 25 Ill. App. 471; *Glickauf* v. *Hirschhorn,* 73 Ill. 574.

A person seeking specific performance of a contract must show full performance of the contract on his part. *Hatch* v.

*Kizer,* 140 Ill. 583; *Skeen* v. *Patterson,* 180 id. 289; *Ralls* v. *Ralls,* 82 id. 243; *Rutherford* v. *Sargent,* 71 id. 393.

Where a party enters into a written contract for the purchase of real estate, and certain payments are to be made by the vendee within a certain time fixed by the contract or on a certain day, the vendor has nothing to do till such payments are made in accordance with the contract. *Papin* v. *Goodrich,* 103 Ill. 86; *Cronk* v. *Trumble,* 66 id. 428; *Doyle* v. *Teas,* 4 Scam. 539; *Robb* v. *Montgomery,* 20 Johns. 15.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Cook county by the appellants, against the appellee, to enforce the specific performance of the following contract in writing for the sale of the tract of land described therein:

"In consideration of $100 to me in hand paid by William Kissack, trustee, the receipt whereof is hereby acknowledged, I agree to sell and convey to said William Kissack, trustee, the remaining seventy-nine acres of land, more or less, of the farm owned by me in the town of Algonquin, in McHenry county, Illinois, (after deducting the portion thereof heretofore sold by me to said William Kissack, trustee,) for the sum of $9900, provided said William Kissack deposits said sum of $9900 for said land with the First National Bank of Elgin, Illinois, within sixty days after the date hereof, to be delivered to me by said bank on receipt of a warranty deed from me to said William Kissack, trustee, of said seventy-nine acres of land, more or less, free and clear of all encumbrances, with the abstract of title to said premises now owned by me brought down to date, but in case said William Kissack, trustee, shall fail to deposit said sum of $9900 with said bank, as aforesaid, within sixty days from this date, this instrument is to be returned to me by said bank, where it is to be deposited and held in the meantime.

"Dated this 27th day of October, A. D. 1905.

WILLIAM BOURKE.    (Seal.)"

The bill, as amended, alleged that appellee, on December 4, 1905, delivered the possession of the premises, in pursuance of the terms of said contract, to the appellants, and that the appellants have continued to be, and now are, in possession thereof and have made valuable improvements

thereon; that the appellant William Kissack, and the appellee, on the 26th day of December, 1905, met in the city of Elgin, by appointment, for the purpose of closing said sale; that on that occasion the appellee presented to said appellant an abstract of title to said premises which showed the title of appellee to said premises to be defective, and that by mutual agreement between the parties the time in which said transaction was to be closed was extended thirty days from that date; that subsequently, and within said thirty days, the parties met in the city of Chicago, where they all 'resided, when the appellants offered to pay to the appellee the balance due upon said contract of sale and to accept his warranty deed for said premises, or to deposit the money for his benefit in the bank in the city of Elgin, where said contract of sale had been deposited in escrow, if he would make to them a deed; that the appellee refused to accept either of said propositions or to carry out said contract of sale, and asked the appellants the sum of $16,000 for said premises, whereupon this bill was filed. The appellee filed a general and special demurrer to the bill, which was sustained and the bill was dismissed, and the complainants have prosecuted this appeal.

The first contention made by the appellee in support of the decree is, that the bill does not aver that the appellants deposited said sum of $9900 in the First National Bank of Elgin, in accordance with the terms of said contract; that the deposit of said sum of money was a condition precedent to the right of the appellants to receive a conveyance of said premises from the appellee, and that for want of such averment in said bill the demurrer thereto was properly sustained. We are of the opinion that the deposit of the balance of said purchase money in said bank was a condition precedent to appellants' right to a deed to said premises, and that the contention of the appellee in that regard would have been properly sustained had it not been for the averments of the bill, which showed that the deposit of said purchase

money in said bank had been waived by the appellee. The bill avers that when the parties met on the 26th of December, 1905, in the city of Elgin, the abstract of title presented to said appellants by the appellee was not brought down to the date of said contract of sale, and in the condition in which it then was showed appellee's title to said premises to be defective, and that by mutual consent the time of closing the sale was extended thirty days from that date.

It is, however, urged, that said agreement of extension was invalid, as the bill does not show said extension agreement was supported by a valuable consideration and was evidenced in writing. We think the mutual agreement of the parties a sufficient consideration to support the agreement for an extension of the time in which to close the sale under said contract, and that to permit the appellee, according to the averments of said bill, to escape the performance of his contract upon the ground that no money consideration was paid by him for such extension would be a fraud upon the appellants. In *Thayer* v. *Meeker,* 86 Ill. 470, on page 473, it was said: "It is also claimed that even if the extension was given it was not founded on any consideration. In equity a party is not permitted to deceive and defraud another by agreeing to such an extension and then disregard it, and thus gain an unjust and inequitable advantage." And generally a promise for a promise is a good consideration and will support a contract.

It is also urged the agreement of extension was not evidenced in writing, and it is said for that reason to be within the Statute of Frauds and void. In *Vroman* v. *Darrow,* 40 Ill. 171, on page 173, it was said: "Any party has a right to waive a strict compliance with the terms of a contract, and proof of such waiver may consist of acts *in pais.*" And in *Moses* v. *Loomis,* 156 Ill. 392, on page 395: "Rights arising under sealed instruments may be waived by parol." And in *Ebert* v. *Arends,* 190 Ill. 221, on page 232: "While it is true that a court of equity has no more right than a

court of law to dispense with an express stipulation of parties in regard to time in contracts of this nature, yet when the vendee has failed to make payment of any part of the purchase money at the stipulated time, a court of equity will interfere in his behalf if any fraud, accident or mistake has intervened.    Relief, in such cases, from a strict, technical performance of the contract at the time stipulated will be granted if by reason of mistake, or for any other cause falling within its legitimate province, a court of equity can see that essential justice demands the exercise of its jurisdiction."

It appears that prior to the expiration of the period covered by the extension the parties met in Chicago, and the appellants offered to pay appellee the balance of the purchase money and to accept his warranty deed for the premises, or to deposit the money in the First National Bank of Elgin, if he would convey to them the premises, and that the appellee declined to accept either proposition and repudiated the agreement, and refused to convey said premises to the appellants unless they would pay him therefor the sum of $16,000.    We think when the appellee declined to accept the purchase money or to permit it to be deposited in the First National Bank of Elgin within the time covered by said extension and make a deed conveying said premises to appellants, and repudiated his contract and raised the price of said premises to $16,000, he waived the right to have said purchase money deposited in said First National Bank of Elgin, and that the appellants might maintain a bill for a specific performance of said contract of sale without averring and proving a compliance with said condition precedent, which required said $9900 to be deposited in the First National Bank of Elgin prior to the delivery by appellee to appellants of a deed to said premises, as a court of equity will not generally require a party to do a useless thing, and in view of the fact that the appellee had repudiated his contract and refused to convey unless he was paid the sum of

$16,000, it would have been a useless act for the appellants to have deposited the balance of said purchase money in said Elgin bank. In *Monson v. Bragdon,* 159 Ill. 61, on page 65, the court said: "It is well settled by our previous decisions that although the vendor in a contract like this may have the right to declare a forfeiture for non-compliance with its terms in making prompt payment, time being made of the essence of the contract, that right may be waived by his conduct in dealing with the vendee."

It is also said the bill is defective in this: that it does not aver that appellants were able to perform their contract of sale by paying the balance of the purchase money to the appellee or by depositing the same in the First National Bank of Elgin. The bill averred the appellants were "ready, eager and willing to comply with the terms of said contract," which was sufficient. (*Hoyt v. Tuxbury,* 70 Ill. 331; *Morse v. Seibold,* 147 id. 318; *Forthman v. Deters,* 206 id. 159.) In the *Forthman case,* on page 168, it was said: "In a proceeding for specific performance the complainant must prove that he has been ready, willing and eager to perform, and the burden is upon him to show a full and complete performance, or offer to perform, on his part."

We are of the opinion if the appellants can establish the allegations of their bill they are entitled to a specific performance of said contract of sale, even though it be optional in its character. We think, therefore, the bill should be answered by the appellee, and that the circuit court erred in sustaining a demurrer thereto.

The decree of the circuit court will therefore be reversed and the cause remanded to that court, with directions to overrule said demurrer.

*Reversed and remanded, with directions.*