3700 S. Kedzie Building Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Chicago Steel Foundry Co., a Maine Corporation, Defendant-Appellee.

### Gen. No. 47,532.

First District, Third Division.

January 21, 1959.

Released for publication March 20, 1959.

 

Schultz, Biro & Karmel, of Chicago, for plaintiff-appellant.

Lawrence, Goldberg, Lawrence & Lewin, of Chicago, for defendant-appellee.

JUSTICE BURKE delivered the opinion of the court.

Plaintiff, the purchaser under a real estate contract, sued to recover from the seller the sum of $1980.52 paid by the plaintiff in excess of its prorated share of real estate taxes for the year 1955. Defendant's motions to strike certain paragraphs of the amended statement of claim and for a summary judgment were granted. Plaintiff appeals from the judgment entered following the allowance of defendant's motions to strike certain paragraphs of the statement of claim and for summary judgment.

On September 27, 1955, a contract was entered into between plaintiff and defendant for the purchase by plaintiff and the sale by defendant of certain real property located in Chicago. The contract provided in part that "general taxes for the year 1955 are to be prorated from January 1, to the date of delivery of deed, and if the amount of such taxes is not then ascertainable, the prorating shall be on the basis of the amount of the most recent ascertainable taxes." On October 10, 1955, the purchase was consummated and prorations made by the parties. The 1955 real estate taxes were prorated on the basis of the 1954 real estate tax bills upon representation by the defendant that the 1955 taxes

were not then ascertainable, and upon the further representation by the defendant that "the 1955 taxes would be approximately the same as the 1954 tax bill." The 1954 tax bill was $7161.91 and plaintiff was allowed a credit in the amount of $5570.31 on account of the 1955 real estate taxes. In 1956 plaintiff received a tax bill covering general taxes for the year 1955 in the sum of $9708.20. As a result thereof the plaintiff was required to pay $1980.52 over the prorated share of the 1955 taxes. There had been a quadrennial reduction on the assessed valuation of the property covering the years 1951 through 1954. The 1955 taxes on the realty were based upon the higher assessed valuations as they existed prior to 1951. Plaintiff alleged that these facts were known to the defendant; that the defendant through its attorneys and officers well knew that the 1955 taxes would not be based upon the reduced assessment reflected in the 1954 tax bills; that by reason of defendant's actions and knowledge pertaining to the 1954 tax evaluation, the real estate tax bills for the year 1954 were not the most recent ascertainable tax bills which could be used under the terms of the contract; and that defendant's representations to the contrary, upon which plaintiff relied, were false and misleading.

A preliminary point made by the plaintiff is that defendant's motions in the trial court are based upon the erroneous conclusion that plaintiff's cause of action is limited solely to fraudulent representations and that the merits of the cause of action were not challenged by the defendant. An examination of the pleadings convinces us that defendant's motions adequately presented the points on which the court ruled and which are before us on this appeal.

█ Plaintiff insists that the trial court erred in granting defendant's motion for a summary judgment; that its amended statement of claim sets forth actionable misrepresentations; and that the court erred in

granting the motion to strike. Plaintiff agreed to and did prorate on the basis of the 1954 tax bill and raised no objection thereto at the time it was done. The 1955 taxes on the real estate were not ascertainable at the time of the closing. The equalization factor was not established until February 14, 1956, and the rate was not established until March 22, 1956. The words of the contract mean that if the 1955 taxes were not ascertainable in amount at the time of closing, the parties were required to use the 1954 taxes which were then ascertainable to make the prorations. The parties in entering into the contract chose the method of effecting the proration of real estate taxes. The risk was on both parties that the taxes might change either up or down when the 1955 taxes became determined. If subsequently it appears that the deliberate assumption of this risk was unwise, the law affords no remedy. The words of the contract are clear and susceptible of no other interpretation. The intention of the parties to a contract must be determined from the language employed. Where there is no ambiguity in the terms of the contract the language the parties used therein affords the only criterion of their intention. The fact that the parties used the 1954 tax bills as a basis for the prorations is persuasive in that they recognized that procedure as carrying out the true construction of the contract.

The allegations of misrepresentations in the amended statement of claim are not actionable because they fail to show an injury to the plaintiff. Plaintiff does not allege that there was fraud in the inducement, drafting or execution of the sales contract. Any alleged representations by the defendant after the execution of the contract and prior to the prorations are entirely immaterial. The parties would be required to perform according to the contract. The parties prorated on the basis of the 1954 taxes as they were required to do under the sales contract.

■ It is well established that misrepresentations which are merely an expression of opinion do not constitute actionable misrepresentations. The 1955 real estate taxes were not determinable in amount at the time the sale was consummated. The fact which defendant allegedly knew was that a quadrennial reduction had been made in the real estate assessment for the period from 1951 to 1954 which expired after the 1954 taxes. Plaintiff infers that the defendant knew that the 1955 taxes would be higher than the 1954 taxes. Under the law the Assessor could have lowered the assessment for 1955 or kept it at the same level. It cannot be assumed that the assessed valuation will be automatically increased after the expiration of a quadrennial period in which the assessed valuation was decreased. The representation was allegedly made by the legal counsel for the defendant to the legal counsel for the plaintiff. Under the circumstances such a statement cannot be considered as anything more than a prediction. In Morel v. Masalski, 333 Ill. 41, the court said (48):

"The board of review and board of assessors had the right to change the assessment from year to year. [citing cases] Appellants were charged with knowledge that the board of review had this right, and they were not justified in relying on any statement appellees might have made with reference to what the taxes might be in any year subsequent to the contract."

In Hayes v. Disque, 401 Ill. 479, the court said that statements relative to future or contingent events, expectations or probabilities rather than on present or pre-existing facts "do not generally constitute fraudulent misrepresentation or deceit but are regarded as mere expression of opinion or mere promises or conjectures upon which the other party has no right to rely." The "facts" which plaintiff alleged as the basis of its cause of action for misrepresentation were avail-

able in the records of the Assessor. Under these circumstances the plaintiff is chargeable with knowledge and cannot claim it was deceived. See Morel v. Masalski, supra; and Bundesen v. Lewis, 368 Ill. 623.

We are convinced that the plaintiff does not have a case. Therefore the judgment of the Municipal Court of Chicago is affirmed.

Judgment affirmed.

FRIEND, P. J. and BRYANT, J., concur.