Roger W. Werner *et al.*, Plaintiffs-Appellants, *v.* Le Roy H. Timm *et al.*, Defendants-Appellees.

(No. 71-115;

Third District—April 6, 1972.

Long, DeDoncker & Schrager Assoc., of East Moline, (Durward J. Long and Marvin L. Schrager, of counsel,) for appellants.

Wilson, Van Hooreweghe & Oakleaf, of Moline, (Carl H. Wilson and Sam L. Oakleaf, of counsel,) for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal by the plaintiffs, Roger W. Werner and Hazel I. Werner, his wife, from a judgment rendered in their favor in the amount

of $233.46 and costs. They claim that the judgment should have been for $466.92 and costs. Judgment was awarded them by reason of the failure of the defendants, Le Roy H. Timm and Ruth Bernice Timm, his wife, to pay half the 1968 real estate taxes on a home they sold the plaintiffs in June of 1968. The plaintiffs claim that at the closing the defendants agreed to pay not just half but all of the 1968 taxes. The defendants rely on the Statute of Frauds, Section 2 of Chapter 59 of the Illinois Revised Statutes, to bar proof of oral modification of the earlier written agreement of the parties.

The written contract for sale, dated April 18, 1968, contained the following provision: "Taxes to be prorated as of closing date based on last years taxes." The transaction was closed June 15, 1968. The defendants, Mr. and Mrs. Timm, were present with their attorney to make the sale. The plaintiffs, Mr. and Mrs. Werner, were both present, as was an attorney representing the savings and loan association which was giving the Werners a mortgage loan to buy the home. These persons did not prorate the 1968 taxes as required by the contract, because they found that the property being sold was part of a larger tract and had never been separated for tax purposes from the remainder of the tract.

When it became apparent that the taxes for 1968 could not be prorated on the basis of the 1967 taxes, then, according to the testimony given at the subsequent trial, "the tax question was discussed." Mrs. Werner testified at the trial that Mrs. Timm said she would pay the 1968 taxes because of the inability to prorate them. The savings and loan attorney testified that Mr. Timm said he would pay the taxes, at the suggestion of Mrs. Timm. Mr. Timm's testimony was that he did not hear any conversation in regard to 1968 taxes. Mrs. Timm's testimony was that she did not think she said she would pay the 1968 taxes.

A closing statement was then submitted to the attorney for Mr. and Mrs. Timm, which read in part as follows: "All of 1968 taxes on subject real estate will be paid by Le Roy H. & Ruth B. Timm." He signed the closing statement as their attorney, and in it acknowledged receipt of a copy. His subsequent testimony was that he assumed he signed it at the time of closing. Mr. and Mrs. Timm did not sign the closing statement, however, nor give their attorney authority in writing to do so for them.

The closing statement showed a net amount of $31,814.76 to be due, with no deduction being made for any portion of the 1968 taxes. A check for this amount payable to the attorney for Mr. and Mrs. Timm as provided in the closing statement, was given to Mr. and Mrs. Timm on the date of the closing and was taken to their attorney for his endorsement. The attorney endorsed it and gave it back to Mr. Timm.

The 1968 taxes were not paid when due, and the property was sold

at the tax sale held October 20, 1969. Thereafter the savings and loan association redeemed from the sale, at a cost of $437.40, and charged Mr. and Mrs. Werner with this amount plus interest thereon which came to $29.52 at the time of the hearing before the trial court. This constituted the Werners' proof of damages in the amount of $466.92.

It was the opinion of the trial judge, as expressed in the order denying the plaintiffs' post-trial motion, that the original purchase agreement could be modified only by a written agreement signed by all of the parties. Accordingly, judgment was given for an amount representing damages for breach of the original covenant to prorate taxes.

■■ It appears to us, from our examination of the abstract of the record, that there was ample evidence that the parties agreed orally at the closing to a modification of their prior written agreement with respect to current taxes. Mr. Timm's testimony that he did not hear the conversation regarding the 1968 taxes is not a denial that he said he would pay those taxes. The testimony of Mrs. Timm that she did not think she said she would pay the 1968 taxes is equivalent to a denial that she remembered doing so, but not a denial that she did so. The testimony given by Mrs. Werner and by the savings and loan attorney was clear and positive: Mr. and Mrs. Timm had agreed to pay the 1968 taxes. The attorney representing Mr. and Mrs. Timm signed the closing statement in their presence and on their behalf, and they did not repudiate his actions as they should have done if they had not agreed that "All of 1968 taxes on subject real estate will be paid by Le Roy H. & Ruth B. Timm." They accepted a check in an amount larger than it would have been if taxes had been prorated pursuant to the original agreement. We accordingly find that the parties orally agreed upon a modification of the prior written contract with respect to the treatment of taxes for 1968, and under the oral modification Mr. and Mrs. Timm were to pay all of those taxes.

■■ It is our opinion, further, that the defendants are estopped to raise the defense of the Statute of Frauds in this case. An oral modification on which detrimental reliance has been placed can be shown. (*Rose v. Dolejs*, 1 Ill.2d 280; Comment, 1954 University of Illinois Law Forum 153.) This is particularly true where the oral modification was induced by the one who later seeks to assert the Statute. (*Becker v. Morstadt*, 381 Ill. 422; *Barnett v. Meisterling*, 327 Ill. 564; *National Importing & Trading Co. v. E. A. Bear & Co.*, 324 Ill. 346; Comment, 1951 University of Illinois Law Forum 674, 675.) Here the plaintiffs had the right to a definitive settlement by way of a credit on the purchase price in the amount of a portion of the 1968 taxes estimated on the basis of the taxes for 1967. (See *3700 S. Kedzie Bldg. Corp. v. Chicago Steel Foundry Co.*,

20 Ill.App.2d 483.) The plaintiffs were induced to surrender this right by the promises of the two defendants to pay all of the 1968 taxes.

In a similar case the Illinois Supreme Court said: "Appellant contends that, the Statute of Frauds having been pleaded, the contract cannot rest partly in writing and partly in parol. By the written contract the obligation to pay the general taxes for the year 1924 was imposed upon the appellant. At his request that obligation was assumed by the appellee. No other change was made in the provision of the contract, and the change was obviously advantageous to the appellant. To hold that a person may in his own interest secure a departure from the terms of a written contract and then be permitted to avoid the contract because the change has not been reduced to writing would shock the conscience of fair-minded men." (*Barnett v. Meisterling,* 327 Ill. 564, 572.) We think this reasoning is applicable in the present case. The judgment of the trial court is amended, pursuant to Supreme Court Rule 366, by increasing its amount of $466.92 and costs. Judgment is affirmed as so amended.

Judgment affirmed as amended.

STOUDER, P. J., and SCOTT, J., concur.