DANIEL B. NELSON, Jr., Plaintiff-Appellee, v. GARY ESTES *et al.*,
Defendants-Appellants.

Second District   No. 2—86—0755

Opinion filed April 24, 1987.

Gates W. Clancy and James S. Mills, both of Geneva, for appellants.

William F. Bochte, of Bochte & Kuzniar, of St. Charles, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Defendants, Gary Estes and Rita Estes, appeal from the entry of summary judgment against them in a forcible entry and detainer suit.

Plaintiff, Daniel B. Nelson, Jr., filed a complaint in forcible entry and detainer against the defendants on January 31, 1985, alleging that he was entitled to possession of certain legally described real estate commonly known as 33 West 256 Shagbark Lane, Wayne, Illinois. Defendants filed a jury demand and an answer denying that plaintiff was entitled to possession of said real estate. Thereafter, plaintiff took discovery depositions of both defendants, and on February 7, 1986, he filed a motion for summary judgment which alleged that the only issue raised by the pleadings was whether plaintiff was entitled to possession of said real estate by virtue of the provisions of an option contract entered into with the defendants on July 6, 1977. The motion for summary judgment by the plaintiff further alleged that he gave the defendants an option to purchase said real estate for $84,500 by July 31, 1978. Plaintiff further alleged that the defendants failed to pay him the $84,500 due between July 1977 and July 1978; that over the last nine-year period, the defendants only paid plaintiff $25,000; that no written modification or alteration of the option contract was entered into; and that defendants had received a demand for possession. The respective depositions of the defendants were attached to the motion for summary judgment.

Defendants' response to the motion for summary judgment alleged that during the term of the option contract defendants paid plaintiff in excess of $25,000; that plaintiff and defendants reached a verbal agreement under which defendants would pay plaintiff cash over a longer period as plaintiff would request; that defendants tendered to plaintiff the cash balance of $59,500; and that plaintiff breached the verbal agreement by refusing the tender of cash.

In the deposition of the defendant, Gary Estes, he stated that he paid $25,000 to the plaintiff prior to the expiration of the option; that he and the plaintiff verbally made an alternative agreement whereby he would pay $84,500 in cash over a longer period of time, as it would be requested by the plaintiff; he was not sure but he believed that the

new agreement was made prior to July 31, 1978; he stated, however, that plaintiff did not accept any cash that he had tendered pursuant to that offer; and that in 1983 he last offered to pay the plaintiff the sum of $59,500 in cash that allegedly became due under the contract as modified. He identified an exhibit No. 2 dated December 4, 1978, which was an agreement signed by the defendants but not by the plaintiff; the defendant stated that this document was prepared by plaintiff or someone on his staff; however, it stated that the defendants were to *accept* $60,000 free rent for 60 months and then vacate the premises.

The defendant, Rita Estes, stated in her deposition that to the best of her knowledge, the other agreements with the plaintiff were made after July 31, 1978.

A certified report of proceedings was filed in lieu of a verbatim transcript pursuant to Supreme Court Rule 323(c) (87 Ill. 2d R. 323(c)); however, the only court proceedings consisted of the argument of the attorneys on the motion for summary judgment.

Although the parties have not stated the following facts in their briefs, the deposition of the defendant, Gary Estes, that was attached to the motion for summary judgment contained various exhibits and also other facts which indicated that Gary Estes acted as a general contractor and constructed a residence on said real estate; that Gary Estes' claimed payment to the plaintiff of $25,000 consisted of payment for materials or services in connection with the construction of the residence, and, further, it was stated that plaintiff furnished certain portions of the cost of the residence amounting to $84,500, and that he selected the items that he would pay in order that he could write them off as a business expense. The real estate and home constructed thereon were referred to in the deposition as a $250,000 home, and there was a written request by the plaintiff dated October 25, 1984, to defendants for access to the premises to have an appraisal made, and also attached thereto were other exhibits consisting of correspondence from the defendants addressed to Mr. Goode, concerning an offer to buy the premises.

Furthermore, attached to the deposition of the defendant, Gary Estes, was a copy of the option agreement identified as plaintiff's exhibit No. 1, which was signed by all of the parties. This document was apparently the initial transaction between the parties; it provided that the optionee could exercise the option by: (a) written notice delivered to the optionor on or before July 31, 1978, (b) by payment of the price or portion thereof specified, and (c) by delivery of any note and mortgage or trust deed above provided for. In addition the option de-

scribed gave a legal description of the real estate and provided for a price of $84,500 payable as follows:

"IN FULL upon completion of single family residence errected [*sic*] on said lot, evidence of completion being issuance of occupancy permit, funds to be paid from Mortgage acquired by Optionee only."

On August 13, 1986, the court granted plaintiff's motion for summary judgment. Defendants appeal from that order, contending that the option contract had been modified as to time for payment by a verbal agreement reached prior to the expiration of the time set forth in the written agreement, notwithstanding the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1 *et seq.*).

■ The Statute of Frauds provides that "[n]o action shall be brought to charge any person upon any contract for the sale of lands *** for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith." (Ill. Rev. Stat. 1985, ch. 59, par. 2.) An executory contract under the Statute of Frauds cannot be modified orally. *Becker v. Morstadt* (1942), 381 Ill. 422, 427, 45 N.E.2d 643, 645; 4 S. Williston, Contracts sec. 593, at 212-13 (3d ed. 1961.)

■ Defendants rely on *Kissack v. Bourke* (1906), 224 Ill. 352, 79 N.E. 619, *aff'd after remand* (1909), 242 Ill. 233, 89 N.E. 990, for their contention that an exception to this general rule prohibiting modification exists. In *Kissack,* the seller and buyer orally agreed to extend the time of closing the sale of real estate, provided in the written contract, for 30 days as the seller's abstract of title presented at closing was defective. The buyer offered to pay to the seller the balance within the 30 days, but the seller refused to accept. The court held that the buyer was entitled to specific performance despite the Statute of Frauds as the buyer relied upon the seller's waiver of compliance with the written provision that buyer make payment within 60 days. *Kissack* did not hold that all oral modifications of provisions for the time of payment in written real estate sales contracts are enforceable. Rather, *Kissack* provided for an exception to the unenforceability of parol modifications of written contracts where the party asserting the Statute of Frauds waived performance of a written provision by the other party who detrimentally relied on the oral modification. See also *Becker v. Morstadt* (1942), 381 Ill. 422, 45 N.E.2d 643; 4 S. Willston, Contracts sec. 595, at 224-227 (3d ed. 1961).

Later cases have. explicated the waiver exception more clearly. In *Werner v. Timm* (1972), 4 Ill. App. 3d 573, 575, 281 N.E.2d 395, 397, the court stated that parties to a real estate sales contract can be

estopped from raising the Statute of Frauds in an attempt to bar proof of an oral modification of the written contract where detrimental reliance on the oral modification is shown by the other parties. The court indicated that detrimental reliance is sufficient by itself, but that estoppel is particularly compelling where, in addition, the oral modification is induced by the one who later seeks to assert the Statute of Frauds defense against enforcement of the oral modification.

That the party who detrimentally relied upon the waiver of strict compliance with the original written contract and upon the oral modification need not have been induced by the other party is evident in *Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 463 N.E.2d 1339. There, the buyers needed an extension of the real estate sales contract in order to obtain their mortgage. They requested the extension, without inducement, and relied upon the sellers' oral agreement to extend the time of performance by obtaining a mortgage during the extension period. The court found that the oral modification was enforceable despite the Statute of Frauds because of the sellers' waiver of strict compliance, although the sellers did not induce the defendants-buyers to modify the contract.

■ As the purpose of a summary judgment proceeding is to determine whether there are any genuine issues of triable fact, a motion for summary judgment should be granted only when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c).

■ In the instant case, defendant, Gary Estes, stated in his deposition that plaintiff entered into an oral modification of the written option contract and that plaintiff then refused payment. His testimony raised a question of fact, to be resolved at trial, namely, whether the option contract was orally modified. Should the existence of this oral modification be found, other questions of fact to be resolved are whether the modification was made before the expiration of the written contract (see *Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 167, 463 N.E.2d 1339, 1346) and whether defendants detrimentally relied upon plaintiff's waiver. Plaintiff argues that there was no evidence of inducement by him, but we have found that detrimental reliance alone is sufficient. Also contrary to the plaintiff's argument, there was evidence of detrimental reliance in that Gary Estes testified that he did not make payment before the expiration of the original option contract. See 124 Ill. App. 3d 158, 463 N.E.2d 1339

(buyers did not obtain financing by date provided in the original written contract because of oral agreement to an extension).

■ Plaintiff argues that one factor in determining whether the contract was orally modified was the contract provision that time was of the essence. However, an oral modification of the time for payment could nevertheless have been agreed to. (See *Neppach v. Oregon & California R.R. Co.* (1905), 46 Or. 374, 80 P. 482.) Plaintiff also argues that there was no evidence of additional consideration for an extension. However, a mutual agreement is sufficient consideration (*Kissack v. Bourke* (1906), 224 Ill. 352, 357, 79 N.E. 619, 620), and new consideration is not necessary where performance of a written contract is waived (*Becker v. Morstadt* (1942), 381 Ill. 422, 427, 45 N.E.2d 643, 646).

■ Finally, plaintiff argues that the parol evidence rule applies. However, that rule is applicable to prevent parol evidence of the meaning of contract terms which are not ambiguous or uncertain and to prevent the supplying of a missing essential term (*Bartsch v. Gordon N. Plumb, Inc.* (1985), 138 Ill. App. 3d 188, 195, 495 N.E.2d 1105, 1111), and does not prevent evidence of oral modification of a term in the determination of whether equity will preclude a party who waived strict compliance with a contract provision from asserting the Statute of Frauds defense against that oral modification.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

LINDBERG, P.J., and HOPF, J., concur.