## Estate of W. H. Godair, Appellee, v. Sampson Case, Appellant.

### Gen. No. 25,717.

1. Action, § 22*—*when suit cannot be maintained.* An "Estate" cannot be made plaintiff in an action, as it is not a natural or artificial person having legal entity to sue or be sued.

2. Action, § 22*—*what cause of action implies.* A cause of action implies a person in existence qualified to institute process.

3. Forcible entry and detainer, § 71*—*what must be shown in action.* In an action of forcible entry and detainer for withholding possession of the premises, it is incumbent upon the plaintiff to show that the defendant was in possession at the time the suit was brought, and proof that defendant is "still in possession" is insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed. Opinion filed December 31, 1920.

ELLIS & WESTBROOKS, HARRIS B. GAINES and FRED McKINNEY, for appellant; RICHARD E. WESTBROOKS, of counsel.

BLUM, WOLFSOHN & BLUM, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an action of forcible entry and detainer in which the "Estate of W. H. Godair" is made the plaintiff, and in which it is contended that defendant withholds the possession of certain property from said "Estate of W. H. Godair." After defendant was served with summons it entered a special appearance and moved to dismiss the case on the ground that plaintiff was not a natural or artificial person, and, as it lacked legal entity to sue or be sued, the whole action failed. Such motion was well founded. (30 Cyc. p. 27; *Western & A. R. Co. v. Dalton Marble Works,* 122 Ga. 774, 776; *Steamboat Pembinaw v. Wilson,* 11 Iowa 479.) The record shows that thereupon the attorney appearing for the "Estate of W. H. Godair" admitted that it was not a natural or artificial person, and in response to a question of the court said there was a "trustee" for said estate. It appearing from such admissions that there was no legal entity in the name by which plaintiff was designated, and, therefore, that there was no cause of action, because a cause of action implies a person in existence qualified to institute process (*Fruitt v. Anderson,* 12 Ill. App. 421), the court should have granted the motion.

Counsel for the designated plaintiff took the position that defendant had entered into a written lease

with the "Estate of W. H. Godair" and was estopped from disputing his landlord's title. But that was aside from the question raised by the motion. The court then received a written lease in evidence without proof of its execution or a showing that defendant was in possession of the premises involved at the time the suit was brought, which, in any event, was incumbent upon the party claiming the right to possession in such an action to show in order to sustain a judgment for withholding possession of the premises. (*McClucky v. Nelson*, 179 Ill. App. 182.) Whether, therefore, we view the case from failure of the court to grant the motion to dismiss, or from the insufficiency of the evidence to sustain a judgment against the defendant the judgment must be reversed. While proof was made that defendant was "still in possession," it was not shown when defendant entered into possession or whether he was in possession at the time the action was brought.

*Reversed.*

GRIDLEY and MATCHETT, JJ., concur.