ROBIN WISEMANTLE *et al.*, Co-Executors of the Estate of Melody Hamerla, Deceased, Plaintiffs-Appellees, *v.* HULL ENTERPRISES, INC., *et al.*, Defendants-Appellants.

First District (5th Division)    No. 80-3083

Opinion filed December 31, 1981.

James A. Romanyak and Ernst, Gallagher & Hannon, both of Oak Brook, for appellant Estate of Donald G. White.

Susan E. Loggans and Associates and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This interlocutory appeal (Ill. Rev. Stat. 1979, ch. 110A, par. 308) was filed to obtain review of an order denying a "Motion to Quash Summons" which was filed by First Bank and Trust Company of South Bend, Indiana (First Bank), in its capacity as executor of the Indiana domiciliary estate of Donald G. White. The executor's motion asked the court to quash the summons which plaintiffs (Robin Wisemantle and Mary Garrett, co-executors of the estate of Melody Hamerla) had served upon Cleta M. Glenn in her capacity as administrator of the Illinois ancillary estate of Donald G. White. We find that the dispositive issue in this case is whether the service of summons upon the administrator of an ancillary estate constitutes service upon the representative of the decedent's domiciliary estate. The answer is no, and we conclude that this appeal must be dismissed. The following facts are material to our decision.

1. Two airplanes collided while flying near Francisville, Indiana, on October 30, 1977, and all the occupants on both planes were killed. Melody Hamerla was a passenger on the plane piloted by John Herr, Jr., and Donald G. White, an Indiana resident, was the pilot of the other plane.

2. Hamerla's will was admitted to probate in Illinois, in the Will County circuit court, and plaintiffs were appointed executors of her estate.

3. Omni Aviation Managers, Inc., an insurance claims adjustment company, offered plaintiffs $65,000 in return for a release of all claims which they had, as Hamerla's representatives, arising out of the Indiana aircraft collision. Because there was a dispute over whether plaintiffs accepted this offer, both Omni and the estate of Herr petitioned the Will County court for an order compelling plaintiffs to accept the $65,000 and to execute a general release. Following a hearing, these requests were denied.

4. Donald G. White's will was admitted to probate in Indiana, his domicile, and First Bank and Trust Company of South Bend, Indiana, was appointed executor of White's domiciliary estate.

5. Plaintiffs petitioned the probate division of the Circuit Court of

Cook County for an order opening an ancillary estate for White in Illinois, based on the allegations that (a) they were creditors of Donald G. White, and (b) White died leaving, as an asset in Illinois, a cause of action for indemnification against the insurance company which provided him with aircraft liability coverage. However, the only connection between this "asset" and Illinois is that the insurance company does business in Illinois.

Apparently without notice to White's heirs or the executor of the Indiana estate, a judge of the probate division of the Circuit Court of Cook County issued an order opening an Illinois estate for Donald G. White and appointing, as administrator, Cleta M. Glenn. The validity of this order has not been challenged, and we treat it as valid.

6. Plaintiffs then filed a tort action in the Circuit Court of Cook County. The complaint accuses Donald G. White of negligently causing Hamerla's death. The named defendants include "Cleta M. Glenn, Administrator of the Estate of Donald G. White, Deceased, [and] Gene R. Duffin, Personal Representative of the Estate of Donald G. White, Deceased." However, First Bank is not named as a defendant in either its individual capacity or as the executor of the Indiana domiciliary estate.

Summons was served upon Glenn, the administrator of the Illinois ancillary estate, and the parties refer to this as the only summons served upon any representative of Donald G. White.

7. First Bank, the executor of the Indiana domiciliary estate, filed a special and limited appearance on behalf of "the Estate of Donald G. White" and moved to quash the summons which was served upon Glenn.

(We note that appellant's main brief states that it has been submitted on behalf of "Defendant, Estate of Donald G. White," but both the special appearance and the motion to quash were filed by First Bank, and we assume that the appellant is First Bank in its capacity as executor of White's Indiana domiciliary estate. We also note that the only record reference to Gene R. Duffin is in the caption of the complaint, and he is not mentioned in the briefs.)

8. Following a hearing, the trial court denied First Bank's motion to quash the summons served upon Glenn, and the court entered an order which includes the following discussion of the question of law which it certified for interlocutory appeal:

> "Did the Estate of Donald G. White, deceased, invoke the benefits and protections of the Illinois courts by means of the petition of Omni Aviation, Inc., in the Probate Proceedings in the Circuit Court of Will County?

> If the petition had been successful, the clear result would have been that the probate court would have ordered [plaintiffs] to accept the $65,000 and execute releases to the Estate of White and the Estate of Herr. It appears to this court that Omni Aviation was

acting for and on behalf of the Estate of White in seeking to invoke the benefits and protections of Illinois courts. Accordingly, this court finds that it does have jurisdiction [over] the Estate of White ⁂ ⁂ ⁂."

On appeal, First Bank argues (1) that White's domiciliary estate did not enter a general appearance in the Will County probate proceedings; and (2) it is not permissible, under the due process clause of the fourteenth amendment (U.S. Const., amend. 14), for a State court to assert jurisdiction over a foreign estate when (a) the only connection between the forum and the foreign estate is that the decedent's insurance company does business in the forum State, and (b) the cause of action does not arise out of this connection with the forum State.

Plaintiffs argue that (1) the estate of Donald G. White "conferred jurisdiction on the Illinois courts" because of the petition which Omni Aviation filed in the Will County proceedings; (2) the motion to quash the summons which was served upon Glenn was an improper collateral attack on the order appointing Glenn the administrator of the Illinois estate; and (3) it is proper to open an ancillary estate in Illinois when a decedent's insurance company does business in Illinois.

OPINION

The parties to this appeal have assumed that service of summons upon the administrator of an Illinois ancillary estate constitutes service of summons upon the executor of the decedent's foreign domiciliary estate. Plaintiffs' brief states that "[S]ervice was made on the Administrator of the Estate of White in Illinois [that is, on Glenn] on November 2, 1979. Thus, personal jurisdiction has been attained as to the Estate of White by service upon the administrator of his estate."

Summons, of course, is not served directly upon an estate. "Estates" are not natural or artificial persons, and they lack legal capacity to sue or be sued. (*Estate of Godair v. Case* (1920), 220 Ill. App. 348, 349.) That is why an action against an estate must be brought against an administrator or executor as the representative of the estate. (See 31 Am. Jur. 2d *Executors & Administrators* §713 (1967).) Thus the complaint in this case names Cleta M. Glenn and Gene R. Duffin as defendants in their purported capacity as representatives of "*the* Estate of Donald G. White." (Emphasis added.) Plaintiffs clearly consider White as having a single unified estate, and the parties have not considered the significance of the distinction between a decedent's domiciliary and ancillary estates.

A decedent may have an estate in each jurisdiction in which he or she left property. (2 Horner, Probate Practice & Estates §773, at 1 (4th ed. 1975).) The estate established by the jurisdiction where the decedent was last domiciled is the "domiciliary estate," and any estate created by any

other jurisdiction is "ancillary." (2 Horner, Probate Practice & Estates §773, at 1 (4th ed. 1975); 34 C.J.S. *Executors & Administrators* §989(a), at 1233-34 (1942).) Despite the fact that several estates may represent the same decedent, "[i]t is textbook law that 'administration in each state, whether principal or ancillary, is separate and complete in itself. Legally each local administration is wholly independent of the others * * *.' " (Currie, *The Multiple Personality of the Dead: Executors, Administrators, and the Conflict of Laws*, 33 U. Chi. L. Rev. 429, 430 (1966).) Thus there is no privity between a decedent's domiciliary and ancillary estates (2 Horner, Probate Practice & Estates §773, at 1 (4th ed. 1975)), and a judgment against the representative of one of the decedent's estates is not binding on the decedent's other estates or representatives. Probate Practice & Estates §829, at 82 (4th ed. 1975); 31 Am. Jur. 2d *Executors & Administrators* §756, at 309 (1967); Annot., 3 A.L.R. 64 (1919).

As the supreme court explained in *McGarvey v. Darnall* (1890), 134 Ill. 367, 370, 25 N.E. 1005,

> "The doctrine is well settled, that if letters of administration are granted in different States to different persons, in respect to [the] estate left by the same deceased person, there is no privity between such administrators, and that therefore a judgment against the administrator in one State is not competent testimony to show a right of action against either a domiciliary or ancillary administrator in another State, or to affect assets in such other State."

■■ The necessary corollary of this rule is that service of summons upon an ancillary administrator does not constitute service upon the representative of the domiciliary estate. This principle is illustrated in *Harris v. Chicago Title & Trust Co.* (1930), 338 Ill. 245, 170 N.E. 285, where, as in this case, the decedent had both a foreign domiciliary estate and an Illinois ancillary estate, but plaintiff only obtained jurisdiction over the administrator of the Illinois estate. As the supreme court pointed out, "The Illinois administrator was made a party and appeared, but it was not the general representative of the estate and could not bind it by any appearance or action other than in respect to property over which it could exercise control." 338 Ill. 245, 265.

■■ In the present case, summons was properly served upon the administrator of the Illinois ancillary estate, but we conclude that this did not constitute service of summons upon the executor of the Indiana domiciliary estate. Neither the Indiana domiciliary estate nor its representative would be bound by a judgment against the administrator of the Illinois ancillary estate, and the executor of the Indiana estate has no standing to move to quash the summons which was served upon the administrator of the Illinois estate.

First Bank, the Indiana executor, has not been served with summons,

and it is not even named as a defendant in plaintiff's complaint. The motion to quash the summons which was served upon the administrator of the ancillary estate simply does not present a justiciable question or controversy relating to the rights of either the Indiana executor or the Indiana estate.

Because the executor's motion to quash did not present a justiciable matter, the circuit court did not have subject matter jurisdiction to rule on the motion. (Ill. Const. 1970, art. 6, §9.) Consequently, this appeal must be dismissed.

Dismissed.

MEJDA and WILSON, JJ., concur.