PRECISION COMPONENTS, INC., Plaintiff-Appellant, *v.* ESTATE OF DONALD KUNTZ *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—1160

Opinion filed January 27, 1983.

Patrick J. Mazza, of Chicago (Patrick Mazza & Associates, P.C., of counsel), for appellant.

Robert W. Singer, of Chicago (McNeill, McElroy, Fick & Singer, of counsel), for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Precision Components, Inc., filed a declaratory action against an estate and its executor to determine its rights under a contract with decedent. The suit was filed in the circuit court of Cook County, the county of the executor's residence. The estate is being probated in Kane County. Upon motion of defendant the suit was transferred to the circuit court of Kane County. This court granted leave to appeal under Supreme Court Rule 306 (73 Ill. 2d R. 306). We reverse.

In its motion for change of venue the defendant contended that the court probating the estate had exclusive jurisdiction. This conten-

tion has properly been dropped on appeal since it is without legal foundation. (*Hull v. Continental Illinois National Bank & Trust Co.* (7th Cir. 1949), 177 F.2d 217.) Defendant on appeal defends the order on two grounds: (1) the real defendant is the estate and its residence is Kane County; and (2) it is more convenient to litigate the matter in Kane County.

■ Under section 5 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 5), now section 2—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—101), every action, with certain exceptions not applicable here, must be commenced in the county of residence of the defendant, or where there are multiple defendants, in the county of residence of one of the defendants. It is well established that estates are not natural or artificial persons and lack capacity to sue or be sued. (*Wisemantle v. Hull Enterprises, Inc.* (1981), 103 Ill. App. 3d 878, 432 N.E.2d 613; *Estate of Godair v. Case* (1920), 220 Ill. App. 348.) For this reason an action against the estate must be brought against the administrator or executor as representative of the estate and not against the estate itself. (*Wisemantle.*) It follows that the only proper defendant here is the executor, Northern Trust Company, and its place of residence determines venue.

There is no statutory provision in this State fixing the official residence of administrators and executors. (*People's Bank v. Wood* (1914), 193 Ill. App. 442.) Venue is not fixed by the place of probate; rather, the executor may be sued where he resides or is found. (*People's Bank.*) It is undisputed that Northern Trust does its principal business in Cook County; thus, it is a resident of Cook County. (Ill. Rev. Stat. 1981, ch. 110, par. 6, now Ill. Rev. Stat. 1981, ch. 110, par. 2—102.) It is possible that it is also doing sufficient business in Kane County so that it could be sued there as well but, if so, plaintiff is entitled to elect in which county it will file suit. *Horn v. Rincker* (1981), 84 Ill. 2d 139, 417 N.E.2d 1329.

■ In general, unless suit is filed in the wrong venue, the action must be tried in the county in which it is commenced. (Ill. Rev. Stat. 1981, ch. 110, par. 12, now Ill. Rev. Stat. 1981, ch. 110, par. 2—108.) It is true that the Illinois Supreme Court in *Horn* did, after discussing the doctrine of *forum non conveniens*, transfer two of the three actions there involved to the county of the third and order their consolidation, but this was done only because of the unusual circumstances involved. As noted by that court, maintenance of the three separate actions in three separate counties would have frustrated the efficient administration of justice and required unnecessary duplication of effort and expense. But even if we are not bound by section 12

of the Civil Practice Act to require the action to be tried where it is filed, there is no reason to transfer the suit to Kane County. Unlike *Horn*, the witnesses, proofs and incidents leading up to the litigation are not local to Kane County. Indeed, it is not clear that any of the witnesses, except the widow who possibly might be a witness, are residents of Kane County; the defendant admits that the principal witness is not. Neither is the plaintiff. Furthermore, according to the defendant's own representations in its brief, the incidents leading to the agreements occurred in Du Page, not Kane County.

For the foregoing reasons, we reverse and vacate the order transferring venue and remand the cause for further proceedings in the circuit court of Cook County.

Judgment reversed and case remanded for proceedings in the circuit court of Cook County.

JOHNSON and JIGANTI, JJ., concur.