RUPERT POTTER, Plaintiff-Appellee, v. HERBERT M. ABLES, Defendant-Appellant.

Fifth District   No. 5—92—0044

Opinion filed March 11, 1993.

Herbert M. Ables, of East St. Louis, appellant *pro se.*

Terry L. Peebles, of Cahokia, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Herbert Ables recorded a mechanic's lien against Rupert Potter's property. Subsequently, Potter conveyed the real estate to Neilton Sanders by warranty deed which was recorded on July 3, 1990. On June 25, 1991, Potter filed a complaint praying for an order declaring the mechanic's lien invalid and unenforceable. The court declared the lien invalid and unenforceable because Ables had not filed a complaint or counterclaim within two years of filing the lien. Ables' motion to reconsider contended that Potter lacked standing to file the complaint and that the statute of limitations did not render the mechanic's lien unenforceable. The trial court denied Ables' motion. Ables appeals from the judgment of the trial court and from the court's denial of his motion to reconsider. We affirm.

The first issue for our consideration is whether Rupert Potter lacked standing to file a complaint. Ables contends that after Potter transfered his interest in the real estate to Neilton Sanders, Potter no longer had sufficient interest in the matter to litigate the validity of the mechanic's lien.

Standing in Illinois requires only some injury to a legally cognizable interest. (*Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 492, 524 N.E.2d 561, 574-75.) To have standing, a plaintiff must present an actual controversy between adverse parties and, as to the controversy, the plaintiff must not be merely curious or concerned but must possess some personal claim, status, or right, a distinct and palpable injury which is fairly traceable to the defendant's conduct and substantially likely to be redressed by the grant of such relief. (*Kluk v. Lang* (1988), 125 Ill. 2d

306, 314, 531 N.E.2d 790, 793.) Although standing is designed to preclude persons having no interest in a controversy from bringing suit, it should not preclude a valid suit from being litigated. (*In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 280, 545 N.E.2d 731, 734.) In determining whether a party has standing, a court must determine whether the party will be benefitted by the relief granted. *Rodriguez*, 131 Ill. 2d at 280, 545 N.E.2d at 734.

█ It is undisputed that Potter conveyed a warranty deed to the property. A warranty deed

"shall be deemed and held a conveyance in fee simple, to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was the lawful owner of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. Such convenants shall be obligatory upon any grantor ***." (Ill. Rev. Stat. 1991, ch. 30, par. 8.)

Potter argues that the mechanic's lien is an encumbrance on the property and he has a duty to defend the title from all encumbrances because he had conveyed by warranty deed. (See *Fechtner v. Lake County Savings & Loan Association* (1977), 66 Ill. 2d 128, 361 N.E.2d 575.) By reason of the statute, Potter warranted against more than failure of title; he also warranted "the quiet and peaceable possession of such premises" and that he would "defend the title thereto against all persons who may lawfully claim the same." Potter does have a personal claim in the case at bar and stands to benefit in the event relief is granted in his favor. We conclude that Potter had standing to file his complaint.

█ Aside from the issue of standing, Ables' motion to reconsider before the trial court also raised the issue of whether the statute of limitations on the enforceability of his mechanic's lien was tolled. Supreme Court Rule 341(e) requires that an appellant's brief contain a statement of the issues presented for review, argument, and citation of authority in support of the arguments made. (134 Ill. 2d R. 341(e).) Defendant's brief is devoid of any reference to the issue of whether the statute of limitations in this case was arrested. Furthermore, oral argument before this court was waived by the parties. Points not argued on appeal are waived. (134 Ill. 2d R.

341(e)(7).) We therefore decline to address this issue. See *County of Cook v. Renaissance Arcade & Bookstore* (1988), 122 Ill. 2d 123, 522 N.E.2d 73.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.