# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Doe v. Psi Upsilon International*, 2011 IL App (1st) 110306**

| | |
|---|---|
| Appellate Court Caption | JANE DOE, Plaintiff-Appellant, v. PSI UPSILON INTERNATIONAL, Defendant-Appellee (University of Chicago, Defendant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-0306 |
| Filed | December 16, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that plaintiff was raped by a fellow student after they both attended a party at a fraternity house where liquor was served to those attending, even though some attendees were under the legal age to consume alcohol, the trial court properly dismissed the count alleging that the fraternity's national organization violated the Gender Violence Act, since the national organization and the local chapter where the party was held were separate entities and plaintiff did not allege any connection between the national organization and the conduct of the person who assaulted her, and, furthermore, adopting plaintiff's argument would result in imposing social host liability through the application of the Act, even though there is no social host liability in Illinois outside the limited liability provided in the Dramshop Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-10304; the Hon. Diane J. Larsen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Jeffrey S. Deutschman, of Deutschman & Associates, P.C., of Chicago, for appellant.

Curt J. Schlom, Melissa A. Murphy-Petros, and Craig M. Derrig, all of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, of Chicago, for appellee.

Panel

PRESIDING JUSTICE R. GORDON delivered the judgment of the court, with opinion.

Justices Garcia and Lampkin concurred in the judgment and opinion

## OPINION

¶ 1    On April 30, 2010, plaintiff Jane Doe, an 18-year-old freshman at the University of Chicago (the University), was allegedly sexually assaulted by Eric M., another student at the University. Plaintiff attended a party at the University's chapter of defendant fraternity Psi Upsilon International,[1] where she became heavily intoxicated, allegedly leaving her vulnerable to Eric M.'s attack later that night at his off-campus apartment. Plaintiff brought suit against defendant, alleging that it personally assisted and encouraged Eric M.'s acts of gender-related violence in violation of the Gender Violence Act (the Act) (740 ILCS 82/1 *et seq.* (West 2008)). Defendant filed a motion to dismiss the count against it pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2008)), arguing that it was not a "person" under the Act and that the allegations of the complaint did not demonstrate that defendant personally assisted Eric M. in his alleged assault against plaintiff. The trial court granted defendant's motion to dismiss and plaintiff appeals, arguing that (1) defendant is a "person" under the Act and (2) the complaint was factually sufficient. We affirm.

¶ 2                          BACKGROUND

¶ 3    On September 8, 2010, plaintiff filed suit against the University and Eric M., and on October 27, 2010, plaintiff amended the complaint, adding defendant as a party. Count VI of the amended complaint, the sole count against defendant, alleges the following facts. At the time of the events at issue, plaintiff was a freshman at the University, while Eric M. was a senior. Eric M. resided at an off-campus apartment in Chicago with his girlfriend. On April 29, 2010, defendant held a party at its fraternity house on campus that was open to all

---

[1]While plaintiff brought suit against "Psi Upsilon International," the record and defendant's brief indicate that the actual name of the entity is "Psi Upsilon Fraternity, Inc."

University students and defendant served alcohol to all students in attendance, regardless of age. Plaintiff attended defendant's party, where she met Eric M.; "[p]laintiff had been drinking heavily at this party and was obviously intoxicated and vulnerable." Plaintiff did not allege that Eric M. was a member of the fraternity.

¶ 4 Eric M. and his girlfriend invited plaintiff to their off-campus apartment "to continue partying" and plaintiff accepted the invitation. After arriving at Eric M.'s residence, plaintiff agreed to spend the night and fell asleep on the couch. Several hours later, on April 30, 2010, plaintiff was awakened by Eric M., "who had pulled down plaintiff's pants, climbed on top of her and while forcibly restraining her by his weight and hands[,] forced himself inside her while she was sleeping and then and there sexually assaulted and raped her." Plaintiff alleges that Eric M.'s actions were "done against her will, without asking her and while she was unable to prevent such sexual advances and [were] done knowingly and intentionally by him when plaintiff was still in an intoxicated state." Plaintiff further alleges that Eric M. "without cause or provocation, assaulted, battered and sexually harassed and raped the plaintiff who had gotten drunk at the defendant's party."

¶ 5 Plaintiff alleges that defendant knew or should have known that "it was reasonably foreseeable that plaintiff could be the victim of a sexual assault after becoming drunk at the fraternity party in question," but defendant failed to take any action to warn plaintiff or to take "reasonable and necessary precautions to protect her from sexual assault." Defendant had knowledge that freshmen students under the age of 21 would attend the party and that they are not legally allowed to drink alcohol. However, defendant was serving alcohol to all guests attending the party and multiple alcoholic beverages and containers were present and readily visible at the bar and common areas where the underage students were participating in the party. Defendant had also had parties previously where alcoholic beverages were served and those parties were always attended by freshmen students.

¶ 6 Plaintiff alleges that defendant "had a duty to refrain or desist from acts of assisting in the gender-related violence that took place later that evening" and violated that duty when it violated the Act "by assisting in the acts of gender-related violence by allowing the plaintiff to drink alcohol at their party and become intoxicated[,] leaving her more susceptible to said gender-related violence." As a direct and proximate result of defendant's "careless and negligent conduct by violating the Gender Violence Act," plaintiff was sexually assaulted by Eric M. and suffered injury.

¶ 7 On December 6, 2010, defendant filed a motion to dismiss count VI of plaintiff's amended complaint pursuant to section 2-615 of the Code. The motion claimed that the count against defendant should be dismissed because defendant was not a "person" under the Act and the allegations of the complaint did not demonstrate that defendant personally committed or personally assisted Eric M. in his alleged assault against plaintiff.

¶ 8 On January 20, 2011, the trial court granted defendant's motion and dismissed count VI of the complaint with prejudice.[2] The court also found that there was no just reason to delay

[2]The trial court did not explain the basis for its decision, nor is there a report of proceedings or bystander's report in the record on appeal.

enforcement or appeal.[3] Plaintiff filed a notice of appeal the next day.

¶ 9                                    ANALYSIS

¶ 10        On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss pursuant to section 2-615 of the Code because (1) defendant is a "person" under the Act and (2) the complaint was factually sufficient. A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of the complaint by alleging defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004); *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). We review *de novo* an order granting a section 2-615 motion to dismiss. *Young*, 213 Ill. 2d at 440; *Wakulich*, 203 Ill. 2d at 228. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Kahn v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011). The critical inquiry is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Wakulich*, 203 Ill. 2d at 228. In making this determination, all well-pleaded facts in the complaint, and all reasonable inferences that may be drawn from those facts, are taken as true. *Young*, 213 Ill. 2d at 441. In addition, we construe the allegations in the complaint in the light most favorable to the plaintiff. *Young*, 213 Ill. 2d at 441.

¶ 11        Initially, we note that the trial court did not explain the basis for its decision, nor is there a transcript or bystander's report of the hearing on the motion to dismiss. However, we may affirm the decision of the trial court on any basis supported by the record, regardless of whether the basis was relied upon by the lower court. *Beacham v. Walker*, 231 Ill. 2d 51, 61 (2008).

¶ 12        In her complaint, plaintiff alleged that defendant violated the Gender Violence Act. Section 10 of the Act provides for a civil cause of action for victims of gender-related violence:

> "Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, 'perpetrating' means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." 740 ILCS 82/10 (West 2008).

Section 5 of the Act defines "gender-related violence" to include: "[o]ne or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex" and "[a] physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois." 740 ILCS 82/5 (West 2008). There is no question that Eric M.'s alleged conduct would be considered an act of gender-related violence. Plaintiff argues

---

[3]With regard to the other parties in the case, the record does not indicate that Eric M. was served and he has not yet filed his appearance. The University filed a motion to dismiss the counts against it pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-619 (West 2008)); the disposition of that motion is not in the record. Neither party is involved in the instant appeal.

that the trial court erred in dismissing her complaint, since defendant is a "person" under the Act and the complaint adequately alleged that defendant perpetrated the gender-related violence by personally assisting the gender-related violence.

¶ 13     Regardless of whether defendant is considered a "person," we cannot agree that plaintiff has adequately alleged that defendant personally assisted Eric M.'s alleged assault of plaintiff. In the case at bar, plaintiff alleges a number of facts concerning "defendant fraternity['s]" knowledge and its actions in serving alcohol to underage students at its parties. However, the defendant in the case at bar is the fraternity's national[4] organization and not the University's chapter of the fraternity. In its brief before this court, defendant has represented that the national organization and the chapter are separate entities. Additionally, according to an affidavit attached to the University's motion to dismiss the counts against it, the University's chapter is registered with the Illinois Secretary of State as a not-for-profit corporation under the name "Omega Chapter of the Psi Upsilon Fraternity." While plaintiff does not distinguish between the national organization and the University's chapter in her complaint or in her briefs on appeal, our examination of the complaint reveals that all of the conduct alleged concerns the actions of the chapter. Plaintiff has not alleged any connection between defendant, the national organization, and Eric M.'s conduct. Accordingly, we cannot find that plaintiff has alleged that defendant personally assisted in the alleged act of gender-related violence and affirm the trial court's dismissal of count VI of the complaint.

¶ 14     Additionally, we agree with defendant that adopting plaintiff's position essentially results in the imposition of social host liability through the application of the Act. Plaintiff alleges that defendant is liable under the Act based on its serving of alcohol to plaintiff and other minors; in other words, defendant is liable through its actions as a social host. "[F]ew rules of law are as clear as [the rule] that no liability for the sale or gift of alcoholic beverages exists in Illinois outside of the Dramshop Act [(235 ILCS 5/6-21 (West 1992))]." *Charles v. Seigfried*, 165 Ill. 2d 482, 490 (1995). Since the Dramshop Act does not provide for it, there is no liability for social hosts. *Charles*, 165 Ill. 2d at 491. Plaintiff argues that the issue of social host liability refers solely to common law liability and, since her cause of action arises under the Act, the bar against social host liability does not apply. However, the Illinois Supreme Court has made it clear that "apart from the limited civil liability provided in the Dramshop Act, there exists no social host liability in Illinois" (*Wakulich*, 203 Ill. 2d at 237), and it has refused to find social hosts liable even when statutes are involved. *Wakulich*, 203 Ill. 2d at 239-40 (rejecting plaintiff's argument that a minor's consumption of alcohol violated the delinquency statute); *Charles*, 165 Ill. 2d at 489 (noting that the supreme court has rejected theories of liability based on "certain prohibited sales and activities within the Liquor Control Act of 1934"). The legislature has not taken action to alter this interpretation and therefore is presumed to have acquiesced in the supreme court's construction of the Dramshop Act. *Wakulich*, 203 Ill. 2d at 233; *Charles*, 165 Ill. 2d at 492. We are unwilling to create an exception through application of the Act when the legislature has not made it

----

[4]While plaintiff brought suit against "Psi Upsilon International," defendant refers to itself as the fraternity's national organization.

clear that the Act was intended to be used for such a purpose.

¶ 15                                CONCLUSION

¶ 16        We find that plaintiff failed to allege facts demonstrating that defendant personally assisted in acts of gender-related violence and, consequently, the trial court properly dismissed count VI of plaintiff's complaint.

¶ 17        Affirmed.