# Illinois Official Reports

## Appellate Court

***Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746**

| | |
|---|---|
| Appellate Court Caption | DARREN MARESKAS-PALCEK and DAVID W. PALCEK, Not Individually, but Solely in His Capacity as Guardian of the Estate of DeAnna Mareskas-Palcek, and as Sole Trustee of DeAnna Elisabeth Mareskas-Palcek Discretionary Supplemental Needs Trust, Dated May 26, 1993, Plaintiffs-Appellants, v. SCHWARTZ, WOLF & BERNSTEIN, LLP, and MARC SCHWARTZ, Individually, Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-16-2746 |
| Filed | September 29, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-009435; the Hon. Sheryl A. Pethers, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas W. Gooch III and Sabrina D. Walczyk, of The Gooch Firm, of Wauconda, for appellants.<br><br>Gary T. Jansen and Laura E. Fahey, of Cremer, Spina, Shaughnessy, Jansen & Siegert, LLC, of Chicago, for appellees. |

Panel                  JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice McBride concurred in the judgment and opinion.

## OPINION

¶ 1       The instant appeal arises from the dismissal of plaintiffs Darren Mareskas-Palcek and David Palcek's complaint for breach of fiduciary duty and conversion, which plaintiffs filed against defendants, the law firm of Schwartz, Wolf & Bernstein, LLP, and Marc Schwartz, individually. The lawsuit was based on defendants' actions during the closing of the sale of Denise E. Mareskas's (decedent) principal residence, which occurred after her death. The trial court dismissed the complaint with prejudice pursuant to section 2-619(a)(9) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(9) (West 2014)). Plaintiffs appeal, arguing that they have proper standing to bring the lawsuit and that they properly pled sufficient facts to state causes of action for breach of fiduciary duty and conversion against defendants. For the reasons that follow, we affirm the trial court's judgment.

¶ 2                                 BACKGROUND

¶ 3       On September 15, 2015, plaintiffs Darren Mareskas-Palcek and David Palcek filed a complaint against the law firm of Schwartz, Wolf & Bernstein, LLP, and Marc Schwartz, one of its partners, for breach of fiduciary duty owed to them as beneficiaries of the estate of the late Denise E. Mareskas.[1]

¶ 4       The complaint alleged that decedent executed a power of attorney prior to her death so that defendants could represent her at the closing of the sale of her principal residence without being present. The closing was scheduled for August 8, 2013, and decedent died on August 7, 2013. Defendants knew that decedent died but continued with the closing without disclosing her death in the closing documents and without authorization from the beneficiaries of the estate.

¶ 5       The complaint also alleged that decedent died testate and that Darren was a beneficiary of her estate, as well as a beneficiary under a pourover trust established by decedent. Furthermore, plaintiffs alleged that the power of attorney signed by decedent was void due to her death, and that no effort was made by defendants to gain permission from plaintiffs to proceed with the closing. Instead, on August 8, 2013, defendants executed an agency escrow agreement and "HUD-1 Settlement Statement," signing decedent's name to the agreements. The complaint alleged that the HUD-1 settlement statement shows that defendants deducted over $20,000 from the sale proceeds for attorney fees when the fee for closing was $650.[2] The complaint further alleged that neither decedent nor plaintiffs would have agreed to the payment of $20,000 in fees to defendants.

---

[1]Since plaintiffs and the decedent share the same last name, we will refer to plaintiff Darren Mareskas-Palcek as Darren, plaintiff David Palcek as David, and Denise as decedent.

[2]The $20,000 deduction apparently represented fees owed on another matter.

¶ 6    On November 30, 2015, defendants filed a motion to "strike" the complaint in lieu of an answer, in which they alleged that plaintiffs had no common law right in Illinois to recover attorney fees. Therefore, defendants argued that because plaintiffs asked for the return of the attorney fees in the complaint and the return is not recoverable in a common law cause of action, the complaint should be stricken. On January 21, 2016, the trial court granted defendants' motion to strike and granted plaintiffs 30 days to file an amended complaint. On February 17, 2016, plaintiffs filed their amended complaint.

¶ 7    The amended complaint included a second count for conversion. Count I, for breach of fiduciary duty, included allegations that defendants breached the Illinois Rules of Professional Conduct, specifically rules 1.5 and 1.8. Ill. R. Prof'l Conduct (2010) R. 1.5(a) (eff. Jan. 1, 2010) ("A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."); Ill. R. Prof'l Conduct (2010) R. 1.8(a) (eff. Jan. 1, 2010) ("A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client ***.").

¶ 8    Further, the amended complaint explained plaintiffs' status, alleging that there were two trusts involved—the DeAnna Mareskas-Palcek Discretionary Supplemental Needs Trust (DeAnna trust) and the Denise E.M. Palcek Trust (decedent trust), a pourover trust. The complaint alleged that Darren is a beneficiary of decedent's trust and that David is the trustee of the DeAnna trust. The complaint also alleged that both trusts were beneficiaries of the decedent's estate.

¶ 9    In count II, for conversion, the complaint alleged that, at the time of the real estate closing, plaintiffs were the lawful owners of the property that was conveyed. As a result, plaintiffs alleged that defendants exerted unauthorized control over funds that rightfully belonged to plaintiffs.

¶ 10   On April 27, 2016, defendants moved to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)), claiming first that plaintiffs could not state a cause of action for breach of fiduciary duty because defendants owed no duty to plaintiffs, who were not defendants' clients. As such, defendants claimed that they did not violate the Illinois Rules of Professional Conduct as to plaintiffs because no attorney-client relationship existed. Second, defendants claimed that plaintiffs lacked standing to bring suit because the suit could only be filed by the executor of decedent's estate. Last, defendants claimed that there could not be conversion because plaintiffs had no right to the property and no right to take immediate possession of the property.

¶ 11   On June 2, 2016, plaintiffs filed a response in which they claimed that they had established that defendants owed a duty to them because the trusts were beneficiaries of the estate. Plaintiffs claimed first that as beneficiaries of decedent's estate, they were entitled to reasonable conduct by defendants, which included not taking money from the DeAnna trust. Second, plaintiffs claimed that the attorney-client relationship between defendants and decedent was for the benefit of plaintiffs, thereby establishing that defendants owed them a duty.

¶ 12   Plaintiffs also claimed that they pled facts to establish conversion because their rights in the property vested at the time of decedent's death and, therefore, defendants exercised unauthorized control over their property. Plaintiffs claimed that they alleged all the elements

of conversion and that any factual issues concerning conversion were questions of fact to be decided by the trier of fact.

¶ 13 On June 9, 2016, defendants filed a reply in support of their motion to dismiss, in which they argued, first, that plaintiffs failed to allege facts to support their claim that the attorney-client relationship was for their benefit. Defendants argued, second, that plaintiffs lacked standing, as non-trustees, to bring suit and failed to cite case law in support of their claim that defendants owed them a duty. Defendants argued that duty is a question of law, to be decided by the trial court, and that defendants owed no duty to plaintiffs, since they were not their clients.

¶ 14 The four elements of conversion are (1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personality; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. *General Motors Corp. v. Douglass*, 206 Ill. App. 3d 881, 886 (1990); *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Defendants argued that plaintiffs failed to allege facts to establish three of the four elements of conversion: (1) plaintiffs' right in the property; (2) plaintiffs' right to the immediate possession of the property, absolutely and unconditionally; and (3) a prior written demand for the property. Defendants argued that as beneficiaries of decedent's estate, plaintiff had no legal right to the property or right to immediate possession of the property. In addition, defendants argued that plaintiffs never made a proper demand for possession of the property.

¶ 15 On June 22, 2016, the trial court heard arguments and granted defendants' motion to dismiss. The trial court then granted plaintiffs leave to file a second amended complaint within 21 days. On September 14, 2016, after plaintiffs failed to file a second amended complaint, defendants moved again to dismiss under section 2-619 of the Code (735 ILCS 5/2-619 (West 2014)). On September 26, 2016, after plaintiffs notified the trial court that they intended to stand on their amended complaint, the trial court granted defendants' motion to dismiss with prejudice as a final and appealable order. The September 26, 2016, order stated, in relevant part:

> "It is ordered
>
> Counselor for Plaintiff has advised the Court that Plaintiff is standing upon his 1st Amended Complaint previously dismissed without prejudice and intends to appeal the dismissal of the 1st Amended Complaint. As such, this matter is dismissed with prejudice.
>
> This order is final and appealable."

¶ 16 Plaintiffs filed a timely notice of appeal on October 14, 2016.

¶ 17                                                           ANALYSIS

¶ 18 On appeal, plaintiffs argue that the trial court erred in dismissing plaintiffs' amended complaint because plaintiffs properly alleged that defendants owed them a duty and breached that duty, thereby establishing standing to bring suit against defendants for breach of fiduciary duty and conversion. Plaintiffs also argue that they properly alleged a valid cause of action for both counts.

¶ 20    As an initial matter, we note that defendants' motion to dismiss was brought under section 2-619(a)(9) but also argued that plaintiffs failed to state a cause of action for breach of fiduciary duty and conversion. Motions to dismiss for failure to state a cause of action are properly brought under section 2-615. See *Doe v. Psi Upsilon International*, 2011 IL App (1st) 110306, ¶ 10 ("The critical inquiry [for section 2-615 motions] is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted."). Section 2-619.1 of the Code allows a litigant to combine a section 2-615 motion to dismiss with a section 2-619 motion to dismiss in one pleading. 735 ILCS 5/2-619.1 (West 2014). However, this statute does not authorize hybrid motion practice. *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 278 (2004). In other words, the moving party cannot commingle the distinctive claims pursuant to section 2-615 and 2-619. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 20; *Howle v. Aqua Illinois, Inc.*, 2012 IL App (4th) 120207, ¶ 72; see also *Janes v. First Federal Savings & Loan Ass'n of Berwyn*, 57 Ill. 2d 398, 405-06 (1974) (rejecting "hybrid procedure" combining motion challenging the legal sufficiency and at the same time answering the complaint while filing affidavits stating facts and demanding judgment on the merits). Instead, the moving party must comply with section 2-619.1 when combining motions to retain the procedural distinctions between section 2-619 and section 2-615. *Reynolds*, 2013 IL App (4th) 120139, ¶ 20.

¶ 21    In the reply in support of their motion to dismiss, defendants claimed to be in compliance with section 2-619.1 because "the headings of [the motion to dismiss] clearly identify where Plaintiffs have failed to state a claim" and assert that plaintiffs lack standing to bring this lawsuit, which is an affirmative matter properly raised under section 2-619(a)(9). However, the Code specifically requires that "[e]ach part shall be limited to and *shall specify that* it is made under one of Sections 2-615, 2-619, or 2-1005." (Emphasis added.) 735 ILCS 5/2-619.1 (West 2014). Defendants did not cite to section 2-615 anywhere in their motion to dismiss, and the headings did not reference section 2-615 to alert the trial court of separate statutory grounds for dismissal.

¶ 22    Although a movant's failure to specifically designate whether a motion to dismiss is brought pursuant to section 2-615 or section 2-619 can be fatal, we will not consider it so in this case because no prejudice resulted to the nonmovant. *Northern Trust Co.*, 353 Ill. App. 3d at 278. We are permitted to address the merits of defendants' improper motion as if it had been brought under the proper section, so long as the plaintiffs were not prejudiced by the error. *B&B Land Acquisition, Inc. v. Mandell*, 305 Ill. App. 3d 1068, 1071 (1999); *Cosman v. Ford Motor Co.*, 285 Ill. App. 3d 250, 254 (1996). Defendants here did not prejudice plaintiffs when they improperly moved to dismiss for failure to state a cause of action under section 2-619(a)(9) because plaintiffs argued the merits of defendants' motion in the trial court and continue to do so now on appeal, and it is clear to us as to what they are attempting to do even though they are not doing it correctly. See *B&B Land Acquisition, Inc.*, 305 Ill. App. 3d at 1071. In addition, a party can bring a combined motion under sections 2-615 and 2-619 under section 2-619.1. Accordingly, we now turn to the merits of plaintiffs' claims on appeal.

¶ 23    "A motion to dismiss, pursuant to section 2-619 of the Code, admits the legal sufficiency of the plaintiffs' complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiffs' claim." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006); *Solaia*

*Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proven that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). To determine whether a case is properly dismissed under section 2-619, our standard of review is *de novo*. *Solaia Technology, LLC*, 221 Ill. 2d at 579. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 24    For a motion to be properly brought under section 2-619, the motion (1) must be filed "within the time for pleading" and (2) must concern one of nine listed grounds. 735 ILCS 5/2-619(a) (West 2014). In the case at bar, the section 2-619 dismissal motion was timely filed, within the time for pleading to plaintiffs' amended complaint. Plaintiffs were given leave to file a second amended complaint; however, they chose to stand on their first amended complaint and to file this appeal instead.

¶ 25    Second, defendants' section 2-619 motion concerned one of the nine listed grounds. A dismissal under section 2-619 is permitted only on the following grounds:

> "(1) That the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction.
>
> (2) That the plaintiff does not have legal capacity to sue or that the defendant does not have legal capacity to be sued.
>
> (3) That there is another action pending between the same parties for the same cause.
>
> (4) That the cause of action is barred by a prior judgment.
>
> (5) That the action was not commenced within the time limited by law.
>
> (6) That the claim set forth in the plaintiff's pleading has been released, satisfied of record, or discharged in bankruptcy.
>
> (7) That the claim asserted is unenforceable under the provisions of the Statute of Frauds.
>
> (8) That the claim asserted against defendant is unenforceable because of his or her minority or other disability.
>
> (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a) (West 2014).

¶ 26    In the case at bar, the subject matter of defendants' dismissal motion falls into one of those categories, namely, that plaintiffs had no standing to bring the suit, which shows "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2014). Thus, procedurally, this motion was properly brought under section 2-619.

¶ 27            II. Section 2-619(a)(9): Plaintiffs' Standing to Sue

¶ 28      We first discuss the basis for defendants' 2-619 motion to dismiss, namely, plaintiffs' standing to bring the instant lawsuit. Plaintiffs argue that Darren, as beneficiary of decedent's estate, and David, as trustee of the DeAnna trust, have standing to sue based solely on their titles as such.

¶ 29      A plaintiff's lack of standing is a proper affirmative matter pursuant to section 2-619(a)(9), as it completely defeats the plaintiff's ability to successfully prosecute its claim against the defendants. *Reynolds*, 2013 IL App (4th) 120139, ¶ 33; *Jackson v. Randle*, 2011 IL App (4th) 100790, ¶ 12. " 'The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit,' and 'assures that issues are raised only by those parties with a real interest in the outcome of the controversy.' " *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 24 (quoting *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999)).

¶ 30      " 'To have standing, *** the [claimant] must not be merely curious or concerned but must possess some personal claim, status, or right, a distinct and palpable injury which is fairly traceable to the [respondent's] conduct and substantially likely to be redressed by the grant of such relief.' " *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14 (quoting *Potter v. Ables*, 242 Ill. App. 3d 157, 158 (1993)). "A standing challenge focuses on the party seeking relief—not on the merits of the controversy—and asks whether that party is entitled to pursue the legal challenge, either in their personal or representative capacity." *In re Estate of Zivin*, 2015 IL App (1st) 150606, ¶ 14.

¶ 31      "[S]tanding requires some injury in fact to a legally cognizable interest ***." *Glisson*, 188 Ill. 2d at 221. Our Illinois Supreme Court has stated that the "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988). "As an affirmative defense, the lack of standing is the defendant's burden to plead and prove." *Ortiz*, 2012 IL App (1st) 112755, ¶ 24; *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010).

¶ 32      In the case at bar, defendants argue that plaintiffs lack standing to bring the instant lawsuit because neither plaintiff has alleged that he is the executor of decedent's estate. The well established rule in this state is that an estate lacks the capacity to sue or be sued, and any action must be brought by the executor or representative of the estate. *In re Marriage of Schauberger*, 253 Ill. App. 3d 595, 598 (1993); *Precision Components, Inc. v. Estate of Kuntz*, 112 Ill. App. 3d 309, 310 (1983) ("estates are not natural or artificial persons and lack capacity to sue"); *Wisemantle v. Hull Enterprises, Inc.*, 103 Ill. App. 3d 878, 881 (1981) (" 'Estates' are not natural or artificial persons, and they lack legal capacity to sue or be sued.").

¶ 33      Nowhere in the record does it appear that either plaintiff alleged to be the executor or representative of the estate, nor are there any documents in the record establishing them as such. Plaintiffs argue in their reply brief on appeal that defendants "ultimately converted over $20,000 in attorney fees from [decedent], and after she passed, from her Estate and Trust, which was the property of [plaintiffs] as a beneficiary." This implies that decedent was injured and thus both actions accrued to decedent before death. We note that, in their complaint, plaintiffs do not allege that defendants' actionable conduct occurred before

decedent's death and, in fact, the basis of their claims is defendants' conduct after decedent had passed away.

¶ 34    While defendants' alleged wrongful conduct would still be actionable after decedent's death, plaintiffs are not the proper parties to bring suit for either claim, since they claim they are the "ultimate beneficiaries" of the estate. Instead, only the executor of decedent's estate can bring suit on behalf of the decedent. See *Wilmere v. Stibolt*, 152 Ill. App. 3d 642, 645 (1987) ("the executor or administrator of a decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs, and devisees have no such standing"); *Will v. Northwestern University*, 378 Ill. App. 3d 280, 289-90 (2007) ("survival actions do 'not create an individual right in a beneficiary to bring suit' " (quoting *Rogers v. Consolidated R.R. Corp.*, 136 Ill. App. 3d 191, 193 (1985))).

¶ 35    Since the alleged conduct occurred after decedent's death, she was not the injured party for whom relief is sought. Pursuant to the Probate Act, a decedent's property belongs to his or her estate upon his or her death and then transfers to the rightful successors in accordance with the Act and decedent's will. 755 ILCS 5/4-13, 20-1(a) (West 2014) ("every representative shall take possession, subject to the exempt estate of homestead, of all real estate of the decedent during the period of administration"); see also *Lescher v. Barker*, 57 Ill. App. 3d 776, 780 (1978) ("[Section 20-1 of the Probate Act] imposes on the representative of the decedent's estate a legal duty to take possession of the decedent's real estate during the period of administration even though the title to the property is in the heirs or devisees."). Thus, in the case at bar, defendants allegedly injured decedent's estate rather than decedent herself because decedent's real estate and the proceeds of its sale became assets of her estate upon her death. Since an estate lacks the capacity to sue or be sued, and any action must be brought by the executor or representative of the estate, plaintiffs, as beneficiaries, lacked standing to bring these claims against defendants and the trial court properly dismissed their complaint. *In re Marriage of Schauberger*, 253 Ill. App. 3d at 598.

¶ 36    Furthermore, according to plaintiffs' amended complaint, the assets of decedent's estate were to be divided, at least, amongst her two children, as beneficiaries, and her own trust. Darren is a beneficiary of decedent's estate, and is therefore benefitted in such capacity, whereas DeAnna, decedent's daughter, is benefitted through her trust because the trust is a beneficiary of the estate. David, decedent's ex-husband, is the trustee of this trust. As such, plaintiffs argue that David, "in his representative capacity as the trustee of the DeAnna Elisabeth Mareskas-Palcek Discretionary Supplemental Trust dated May 26, 1993 *** has standing to sue."

¶ 37    Although in general under Illinois law, trustees have standing to sue third parties on behalf of a trust, this concept is not applicable to the case at hand. *Axelrod v. Giambalvo*, 129 Ill. App. 3d 512, 519 (1984); *Ready v. Ready*, 33 Ill. App. 2d 145, 152 (1961) ("The right to sue in the ordinary case vests only in the trustee."). In the case at bar, David is a trustee of the DeAnna trust, which was to be benefitted by decedent's estate after her death. As such, the DeAnna trust is merely a beneficiary of decedent's estate and David would have no standing to bring suit. Therefore, any claim against defendants must be brought by the executor or representative of the estate. In the case at bar, the executor of decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs, and devisees have no such standing. *Wilmere*, 152 Ill. App. 3d at 645; *Northwestern University*, 378 Ill. App. 3d at 289.

¶ 38        We find unpersuasive plaintiffs' argument that they have standing because defendants owed them a duty as intended beneficiaries of the real estate transaction. "The traditional, general rule has been that the attorney is liable only to his client, not to third persons." *Pelham v. Griesheimer*, 92 Ill. 2d 13, 19 (1982). "[T]o establish a duty owed by the defendant attorney to the nonclient the nonclient must allege and prove that the intent of the client to benefit the nonclient third party was the primary or direct purpose of the transaction or relationship." *Pelham*, 92 Ill. 2d at 20-21.[3]  In other words, the nonclient "must prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." *Pelham*, 92 Ill. 2d at 21.

¶ 39        In the case at bar, the complaint does not allege that decedent entered into an attorney-client relationship primarily to benefit plaintiffs. The complaint merely alleges that "[p]rior to the time of her death, Denise retained the services of [defendants] to represent her for the sum of $650.00 in a real estate transaction involving the sale of her principle [*sic*] residence ***." Thus, the purpose of the attorney-client relationship, as alleged in the complaint, was simply for the sale of decedent's residence, without any reference to the distribution of the proceeds. There is nothing in the complaint to suggest that the primary reason for the real estate closing was to pass the proceeds of the sale to plaintiffs—for instance, while the complaint alleges that plaintiff had been hospitalized "for a period of time prior to her death," the complaint does not allege that plaintiff had arranged to sell her property in anticipation of her death so that the proceeds would be distributed to her children.

¶ 40        Plaintiffs' argument here is similar to the claim of duty to a nonclient rejected by the supreme court in *Pelham*, which found that the attorney in that case "was hired primarily for the purpose of obtaining a divorce, property settlement, and custody of the minor children for [the wife], not to represent her children's interest." *Pelham*, 92 Ill. 2d at 23. As in that case, "[t]he plaintiffs herein are, at best, only incidental beneficiaries in this situation." *Pelham*, 92 Ill. 2d at 23; see also *Gale v. Williams*, 299 Ill. App. 3d 381, 385 (1998) (affirming the dismissal of the nonclient mother's legal malpractice action against the decedent son's attorney where "[p]laintiff simply cannot allege that the primary reason her son hired the defendant attorney was to change her status from contingent beneficiary on the employer-provided plans to primary beneficiary. At best, plaintiff is only an incidental beneficiary of the attorney-client relationship, and an incidental beneficiary is not qualified to bring a malpractice action of this character. [Citation.]").

¶ 41        Plaintiffs attempt to draw an analogy between their situation and that present in *McLane v. Russell*, 131 Ill. 2d 509 (1989), a case in which the supreme court found that the attorney owed a duty to a nonclient. There, the decedent retained an attorney to amend her will to leave her interest in her farm to her two tenants; the attorney did so, but failed to sever the joint tenancy between the decedent and her sister, meaning that upon the decedent's death, the decedent's interest in the property passed to the sister. *McLane*, 131 Ill. 2d at 512-13. The

_____

[3]While *Pelham* involved a claim of legal malpractice and therefore discussed duty in the context of negligence, the *Pelham* court found that a plaintiff alleging such a duty must "allege and prove facts demonstrating that they are in the nature of third-party intended beneficiaries of the relationship between the client and the attorney," thereby analogizing the duty owed in a legal malpractice action to the duty owed to a third-party beneficiary in an action based on contract. *Pelham*, 92 Ill. 2d at 20; see also *Pelham*, 92 Ill. 2d at 21 (noting that its analysis was based on an "analogy to third-party direct beneficiaries to determine the duty owed to a nonclient by an attorney in a negligence action").

nonclient tenants filed a legal malpractice suit against the attorney, alleging that the attorney's negligence had deprived them of the decedent's interest in the farm. *McLane*, 131 Ill. 2d at 513. The supreme court found that the attorney owed the nonclients a duty, finding that the plaintiffs "convincingly proved that *** the primary purpose of the engagement in 1975 of [the attorney] by [the decedent], in which [the attorney] drafted [the decedent's] will, was to benefit the [nonclient tenants]." *McLane*, 131 Ill. 2d at 518. See also *Ogle v. Fuiten*, 102 Ill. 2d 356, 363 (1984) (finding that nonclients had sufficiently alleged a duty where the decedents had allegedly intended for their wills to leave their estates to the nonclients but the wills were not drafted to effectuate that intent).

¶ 42 We cannot agree with plaintiffs that the situations in *McLane* or *Ogle* are in any way similar to the situation present in the case at bar. Plaintiffs claim that "the proceeds of the sale of the real estate would have been transferred to the Estate upon [the decedent's] death, thus benefitting the beneficiaries." However, the mere fact that the proceeds would eventually pass to plaintiffs does not render them intended beneficiaries of the real estate closing such that defendants would owe them a duty. See *Gale*, 299 Ill. App. 3d at 385 ("The fact that plaintiff may have indirectly benefitted from defendant's representation of her son does not mean, as plaintiff argues, that the attorney thereby owes a duty to her."). In *McLane*, the evidence proved that the decedent drafted her will specifically for the purpose of transferring her interest in the farm to the nonclient tenants. Similarly, in *Ogle*, the complaint alleged that the attorney was retained for the purpose of drafting wills for the benefit of the nonclients as well as the decedents. Here, by contrast, there is nothing to suggest that decedent engaged in the real estate closing specifically for the purpose of passing the proceeds to plaintiffs. Accordingly, plaintiffs lack standing to bring this lawsuit, and therefore, we affirm the judgment of the lower court.

¶ 43 Since we have found that plaintiffs have no standing to bring suit, we need not decide whether plaintiffs otherwise alleged a valid cause of action for breach of fiduciary duty and conversion. This court is not in a position to comment on the conduct of the defendants under the facts of this cause because their conduct is not before us in this appeal. The merits of plaintiffs' claim can be decided by a suit brought by the executor of the decedent's estate.

¶ 44 CONCLUSION

¶ 45 For the foregoing reasons, we find that plaintiffs lacked standing to sue, and thus affirm the trial court's granting of defendants' motion to dismiss. Since decedent died before defendants sold decedent's real estate property, the proceeds from sale belonged to decedent's estate and so the executor of her estate was the proper party to bring suit.

¶ 46 Affirmed.